**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

SHANTELE RENEÈ BENNETT, et al.,

    Plaintiffs,

vs.                                                    Case No. 3:20-cv-1288-J-34JRK

JOHN WILLIAM MINA, et al.,

    Defendants.

_____/

**O R D E R**

    **THIS CAUSE** is before the Court sua sponte. Plaintiff Shantele Reneè Bennett, who is proceeding pro se, initiated the instant action on November 16, 2020, by filing a Civil Complaint (Doc. 1; Complaint) on behalf of herself and the "Estate of Shantele Reneè Bennett." See Complaint at 1-2.[1] Although difficult to discern, Bennett appears to contend that Defendant John William Mina forged his high school diploma, allowing him to obtain employment as a law enforcement officer, and the other Defendants failed to properly investigate Mina's qualifications, require appropriate documentation, or hold anyone

---

[1] It is unclear what Bennett intends by listing the "Estate of Shantele Reneè Bennett" as a plaintiff in this action, as there are no allegations in the body of the Complaint that refer to this entity or a decedent. Notably, Bennett does not allege that she is the personal representative of this Estate and thus it is unclear whether she is authorized to assert any claims on behalf of the Estate. See Wazen v. Blackmon, No. 3:10cv50/MCR/MD, 2011 WL 13318386, at *4 (N.D. Fla. Feb. 18, 2011). Regardless, the Court cautions Bennett that because she is proceeding pro se in this matter, it appears that she is not authorized to prosecute any claims on behalf of the Estate, which is a separate legal entity. Id. at *4 n.2 ("The estate of the decedent is a separate legal entity from the individual plaintiff. Therefore, this case could only be maintained through counsel."); see also Eason v. Williams, No. 5:00-CV-0969-VEH, 2008 WL 11423965, at *5-6 (N.D. Ala. Sept. 5, 2008) ("[I]f an estate has beneficiaries or creditors other than the administratrix, then a non-lawyer administratrix cannot represent the interest of such an estate in litigation because that constitutes an impermissible unauthorized practice of law.").

accountable. See generally Complaint.[2] Upon review, the Court finds that it lacks subject matter jurisdiction over this action. Accordingly, the Court will strike the Complaint and provide Bennett with the opportunity to file an amended complaint that adequately sets forth a basis for this Court's subject matter jurisdiction.

Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279–80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

In the Complaint, Bennett alleges that the Court has federal question jurisdiction over this action and identifies 18 U.S.C. § 472 as the federal statute at issue in this case. Id. at 5. However, 18 U.S.C. § 472 is a federal criminal statute for which no private right of action exists. See Murphy v. Kendrick, Case No.: 2:20-cv-263-MHT-WC, 2020 WL 5377294, at *3 (M.D. Ala. July 24, 2020) (collecting cases for the proposition that a plaintiff cannot maintain a civil claim based on a violation of a federal criminal statute absent some expression of Congressional intent otherwise) adopted by 2020 WL 5371348, at *1 (M.D.

---

[2] Bennett also includes a brief reference to the denial of "equal cival [sic] service to a person with disability," but the allegation is so vague and conclusory that the Court cannot discern whether any legal claim arises from this allegation or how it relates to the remainder of the Complaint. See Complaint at 10.

Ala. Sept. 8, 2020); Clancy v. Fla. Dep't of Corrections, No. 6:18-cv-501-Orl-41KRS, 2018 WL 325573, at *2 (M.D. Fla. May 24, 2018) adopted by 2018 WL 3218901, at *1 (M.D. Fla. July 2, 2018); Johnson v. Regions Mortg., No. 1:11-CV-3743-WBH-CCH, 2012 WL 12897088, at *7 (N.D. Ga. Apr. 23, 2012) (finding that 18 U.S.C. § 472, as a criminal statute, does "not provide Plaintiffs with a private right of action") adopted by 2012 WL 12897976 (N.D. Ga. May 21, 2012); see also Chrysler Corp. v. Brown, 441 U.S. 281, 317 (1979) (explaining that the Supreme Court "has rarely implied a private right of action under a criminal statute, and where it has done so 'there was at least a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone'" (citation omitted)). Thus, Bennett cannot rely on this statute to invoke federal question jurisdiction under 28 U.S.C. § 1331. See Razzi v. Nimler, No. 5:14-cv-447-Oc-22PRL, 2014 WL 5038337, at *3 (M.D. Fla. Oct. 8, 2014) (finding no federal jurisdiction where plaintiff attempted to state a claim premised on a federal criminal statute for which there is no private right of action); Echols v. Bank of Am., N.A., No. Civ.A. 2:04CV152-RWS, 2005 WL 563116, at *1 (N.D. Ga. Feb. 3, 2005) (finding no subject matter jurisdiction where plaintiff relied on federal statute for which there is no private cause of action). Moreover, upon review of the Complaint, the Court can discern no other basis for the exercise of subject matter jurisdiction over this case. In light of the foregoing, the Court will strike the Complaint and provide Bennett with the opportunity to file an amended complaint.

However, the Court also takes this opportunity to note that it appears this action does not belong in the Jacksonville Division of the United States District Court for the Middle District of Florida. Pursuant to Local Rule 1.01(c), Local Rules, United States District Court, Middle District of Florida (Local Rule(s)), "[a]ll civil proceedings of any kind

shall be instituted in that Division encompassing the county or counties having the greatest nexus with the cause, giving due regard to the place where the claim arose and the residence or principal place of business of the parties." Additionally, Local Rule 1.02(e) provides that "[t]he Court may, within its discretion, . . . order that any case, civil or criminal, be transferred from one Division to any other Division for trial[.]" Upon review of the Complaint, it appears that the acts complained of primarily relate to Orange County, Florida.[3] See generally Complaint. Bennett identifies her address as a Post Office Box in Orlando, Florida, which is in Orange County, and most of the Defendants are individuals or entities also located in Orlando, Florida. Id. at 2-4. Indeed, the Complaint does not set forth any relation to a location encompassed by the Jacksonville Division. As such, the Court will direct Bennett to show cause why this matter should remain pending in the Jacksonville Division and not be transferred to the Orlando Division pursuant to Local Rule 1.02(e). Accordingly, it is

**ORDERED**:

1. The Civil Complaint (Doc. 1) is **STRICKEN**.
2. Plaintiff Shantele Reneè Bennett shall have up to and including **December 11, 2020**, to file an amended complaint which complies with this Order. Failure to comply with this Order may result in the dismissal of this action without further notice.

---

[3] Pursuant to Local Rule 1.02(b)(3), "The Orlando Division shall consist of the following counties: Brevard, Orange, Osceola, Seminole and Volusia. The place of holding court shall be Orlando."

4

3. Bennett is **DIRECTED** to **SHOW CAUSE** by a written response filed on or before **December 11, 2020**, why this case should remain pending in the Jacksonville Division and not be transferred to the Orlando Division pursuant to Local Rule 1.02(e).

**DONE AND ORDERED** in Jacksonville, Florida, this 20th day of November, 2020.

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Pro Se Parties